1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL ROJAS, a minor, by and through his Guardian ad Litem, WALTER ROJAS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SEA WORLD PARKS & ENTERTAINMENT, INC., a Delaware corporation; and DOES 1 through 25, inclusive,<br><br>　　　　　Defendant. | Case No.:  3:21-cv-00145-BEN-MSB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>**[ECF No. 4, 7]** |

I.   **INTRODUCTION**

Plaintiff Samuel Rojas, a minor, by and through his Guardian ad Litem, Walter Rojas ("Plaintiff") brings this action against Defendant Sea World Parks & Entertainment, Inc., a Delaware corporation ("Defendant") for personal injuries sustained while riding a ride at Sea World Park.  *See* Notice of Removal, ECF No. 1 ("NOR").

Before the Court is Plaintiff's Motion to Remand (the "Motion").  ECF No. 4.  The Motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure.  ECF No. 8.  After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** Plaintiff's Motion to Remand.

## II.   BACKGROUND

### A.   Statement of Facts

Plaintiff alleges that on April 14, 2019, after he boarded the Sea Dragon Drop Ride at SeaWorld Park in San Diego, California, Defendant's employee, Doe 1, crushed and fractured Plaintiff's left wrist and forearm when Doe 1 attempted to latch the attraction's safety bar.  NOR at 2[1]:13-16, 11.  The Complaint alleges that because of that incident, Plaintiff incurred medical expenses and general damages.  *Id.* at 2:16-18.

### B.   Procedural History

On December 3, 2020, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of San Diego styled *Samuel Rojas, a minor, by and through his Guardian ad Litem, Walter Rojas v. Sea World Parks & Entertainment, Inc., et al.*, Case No. 37-2020-00045846-CU-PO-CTL ("the State Court Lawsuit").  *See* NOR at 2:6-11.  The Complaint alleges two causes of action for (1) premises liability and (2) general negligence.  *Id.* at 2:12-13, 10, 11.

On December 28, 2020, Plaintiff served Defendant with the Summons and Complaint.  NOR at 2:19-22; *see also* ECF No. 4-1 at 1:20-21.  On January 26, 2021, Defendant filed its Notice of Removal pursuant to 28 U.S.C. § 1441 ("Section 1441"), claiming that the case arises "between citizens of different states" as Defendant is a citizen of Delaware and Florida, while Plaintiff is a California resident.[2]  ECF No. 1 at 3:12-15.  On January 27, 2021, Defendant filed an Answer to the Complaint.  ECF No. 2.

On February 22, 2021, Plaintiff filed the instant Motion to Remand.  Motion, ECF No. 4-1 ("Mot.").  On March 15, 2021, Defendant filed an Opposition.  Opposition, ECF No. 7 ("Oppo.").  Plaintiff did not file a reply brief.

---

[1]     Unless otherwise indicated, all page number references are to the ECF generated page number contained in the header of each ECF-filed document.

[2]     Neither the Complaint nor Plaintiff's Motion to Remand allege that he is a citizen of California, but the Court infers this based on Plaintiff's argument that the citizenship of Doe 1, which Plaintiff presumes is a California resident, destroys diversity, as Plaintiff must be a California resident in order for that argument to hold water.

### III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Consequently, district courts are presumed to lack jurisdiction unless the Constitution or a statute expressly provides otherwise.  *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  The party seeking to prove federal jurisdiction bears the burden of establishing it.  *See, e.g.*, *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) (providing that "the party who seeks the exercise of jurisdiction in his favor . . . must allege in his pleading the facts essential to show jurisdiction").  Generally, federal subject matter jurisdiction exists due to the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.  In cases arising out of diversity jurisdiction, such as the present case, district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

"Except as otherwise expressly provided by Act of Congress," where a plaintiff files a civil action in state court over which the district courts of the United States have original jurisdiction, the defendant may remove that case "to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  In other words, a defendant may remove to federal court a claim filed in state court that could have initially been brought in federal court. 28 U.S.C. § 1441(a).  However, a civil action otherwise removable solely on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a) "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2); *see also Martinez v. Omni Hotels Mgmt. Corp.*, No. 20-CV-1924-MMA (BLM), ---F. Supp. 3d---, 2021 WL 196509, at *2.  "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).

In a case where there are more than two plaintiffs and more than two defendants, complete diversity must exist, meaning that all parties on opposite sides of the case must be from different states.   *See, e.g.*, *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806), *overruled in part on other grounds by Louisville, C. & C.R. Co. v. Letson*, 43 U.S. 497 (1844), *overruled in part by Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (adopting the nerve center approach to determine a corporation's citizenship, pursuant to which courts determine a business' citizenship by its state of incorporation along with its "principal place of business," or "nerve center," which refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities").   "A corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Removing a case does not deprive another party "of his right to move to remand the case." 28 U.S.C. § 1448.  If the district court lacks subject matter jurisdiction, the plaintiff may seek to remand the case back to state court.  28 U.S.C. § 1447(c).   Courts strictly construe the removal statute against removal jurisdiction.  *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).   Further, "[t]he presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566).   Courts resolve any doubt about the right of removal in favor of remand.  *Grancare*, 889 F.3d at 550.

## IV.    DISCUSSION

To date, the only named defendant by Plaintiff is Defendant SeaWorld Parks & Entertainment, Inc., a Delaware corporation, with its principal place of business in the State of Florida.  NOR at 3:3-6.  As stated, the Court presumes Plaintiff is a citizen of the State of California who resides in the County of San Diego, where the injury occurred.  *Id.* at 3:9-10, 8.  Thus, disregarding the doe defendants, complete diversity exists between the

-4-

named Plaintiff and the named defendant, and the Court's subject matter jurisdiction is proper.  However, Plaintiff argues that his naming Doe Defendants 1 through 25 in the original superior court complaint destroys diversity jurisdiction because he alleges that "Doe defendants 1-25 were the agents or employees of other named defendants and acted within the scope of that agency or employment."  NOR at 8.  Plaintiff believes that if the doe defendants work at Sea World, which is located in San Diego, California, then, presumably, Doe Defendants 1 through 25, and especially Doe Defendant 1, must be California residents.  Thus, Plaintiff argues the Court should grant his Motion to Remand "based on the underlying Complaint's plain allegations establishing DOE 1's California activities and diversity-destroying citizenship."  Mot. at 1:8-13.  He asserts that his "Complaint alleges DOE 1 is Sea World's employee, whose negligence directly caused Plaintiff's injuries, while in the course and scope of his employment in San Diego," and "[t]his Court should not ignore his California citizenship."  *Id.* at 6:13-16.

Defendant responds that the Court should deny Plaintiff's Motion to Remand for two reasons: "First, this Court can rely on the plain language of 28 U.S.C. § 1441(b)(1) stating that citizenship of fictious defendants should be disregarded for purposes of diversity."  Oppo. at 2:18-20.  "Second, if this Court chooses to consider whether DOE 1 is a citizen of California, it should necessarily conclude that naming DOE 1, constitutes fraudulent joinder and therefore deny the remand."  *Id.* at 2:20-22.

As outlined below, this Court concludes that (1) Doe 1 does not destroy diversity jurisdiction; (2) Doe 1 is fraudulently joined; and (3) Doe 1 is subject to dismissal.

## A.    Doe 1 Does Not Destroy Diversity Jurisdiction.

To whether Doe 1 destroys diversity such that the Court should grant Plaintiff's Motion, the Court must examine the procedure of doe defendant pleading along with its interrelation to Section 1441.  Although the Court finds the text of Section 1441 to be clear, district courts within the Ninth Circuit have applied it in an unclear manner.  Ultimately, this Court concludes that Section 1441's plain text and legislative history warrant rejection of the cases raised by both parties in favor of adopting the approach used by fellow courts

within the Southern District.  This approach requires denial of Plaintiff's Motion.

### 1. *Doe Defendant Pleading*

Under the Federal Rules of Civil Procedure ("FRCP"), "[a] party may amend its pleading once as a matter of course within" twenty-one days of (1) serving the pleading or (2) being served with a responsive pleading or motion brought pursuant to Rule 12(b) of the Federal Rules of Civil Procedure." FED. R. CIV. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires." FED. R. CIV. P. 15(a)(2).  For statute of limitations purposes, "[a]n amendment to a pleading relates back to the date of the original pleading when" either (1) "the law that provides the applicable statute of limitations allows relation back," (2) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading," or (3) "the amendment changes the party or the naming of the party against whom a claim is asserted," provided that (a) such an amendment relates to the same events set out in the original pleading and (b) the party being brought in by the amendment receives notice of the lawsuit within ninety days of the complaint being filed. FED. R. CIV. P. 15(c)(1).

Under California law, "[w]hen the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly." CAL. CIV. PROC. CODE § 474.  Once the plaintiff amends the complaint "to substitute the true name of the defendant for the fictional name, the defendant is regarded as a party from the commencement of the suit, provided the complaint has not been amended to seek relief on a different theory based on a general set of facts other than those set out in the original complaint." *Munoz v. Purdy*, 91 Cal. App. 3d 942, 946 (1979).  California also requires that "[t]he summons and complaint . . . be served upon a defendant within three years after the action is commenced [i.e., a complaint is filed] against the defendant." CAL. CIV. PROC. CODE § 583.210.  Thus, "[w]hen a defendant is brought in by amendment substituting his name for a Doe defendant,

1  he 'is considered a party to the action from its commencement for purposes of the statute

2  of limitations.'" *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 799 (9th Cir. 1986) (quoting

3  *Barrows v. American Motors Corp.,* 144 Cal. App. 3d 1, 7 (1983)).  Thus, "[u]nlike [FRCP]

4  15(c), section 474 has no requirement that the newly named defendant have notice of the

5  institution of the action within the time provided for commencement of the action [*i.e.*,

6  ninety days]."  *Id.*

7       In *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), the Supreme Court held that

8  in diversity jurisdiction cases, like the present case, courts should apply state substantive

9  law and disavowed the concept of a federal common law.  Almost thirty years later, in

10 *Hanna v. Plumer*, 380 U.S. 460, 465-66 (1965), the Supreme Court elaborated on *Erie*,

11 advising that "federal courts are to apply state substantive law and federal procedural law."

12 Thus, courts sitting in diversity apply state substantive law and federal procedural law, like

13 the FRCP.  As a result, this Court must resolve whether the naming of doe defendants

14 implicates a substantive or procedural issue.

15      In 1980, the Ninth Circuit, in *Garter-Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975,

16 981 (9th Cir. 1980), affirmed dismissal of a claim for relief premised on diversity

17 jurisdiction because the inclusion of doe defendants destroyed complete diversity.  The

18 court held that the plaintiffs' inclusion of "several Doe defendants (none of whom has been

19 identified or served) in their eighth claim for relief, which alleged conspiracy to interfere

20 in the plaintiffs' business relationships under the district court's diversity of citizenship

21 jurisdiction, destroyed that jurisdiction."  *Id.* at 981 (internal quotations omitted).

22      In 1986, the Ninth Circuit held that California Code of Civil Procedure, section 474

23 ("Section 474"), which permits a complaint in a federal court to relate back to the date of

24 filing of the original complaint, is state substantive law to be applied in diversity actions.

25 *Lindley*, 780 F.2d at 802.  The *Lindley* plaintiffs filed a personal injury action in California

26 state court within California's one year statute of limitations, and the defendant

27 subsequently removed the case to the Northern District of California based on diversity

28 jurisdiction.  *Lindley*, 780 F.2d at 798.  After removal, the district court granted the

plaintiffs leave to amend the complaint and add another party as a defendant, but the plaintiffs failed to serve the new defendant until after expiration of the one year limitation period. *Id.* Thus, the district court dismissed the case against the new defendant on the grounds that it was time-barred. *Id.* On appeal, the plaintiffs argued that the case against the new defendant was not time-barred because California law, rather than FRCP 15(c), governed the naming of doe defendants. *Id.* at 799. The court agreed, reversing the district court's dismissal of the new defendant for several reasons. *Id.* at 802. First, it held that FRCP 15(c) "does not determine the timeliness of plaintiffs' action against" the new defendant. *Id.* at 801. As a result, there was no conflict between FRCP 15(c) and California's Doe defendant practice that would require application of FRCP 15(c). *Id.* Second, it reasoned that "the absence of a federal pleading mechanism comparable to section 474 should not deprive a plaintiff of the extensions of the limitations period provided under California Doe practice." *Id.* at 802. It stated that "[a] contrary rule would be a departure from *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), and its progeny, particularly *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945), because it would result in the abridgment of substantive rights under state statutes of limitations." *Id.*

That same year, in *Bryant v. Ford Motor Co.*, 794 F.2d 450, 451 (9th Cir. 1986) (*Bryant I*), *opinion withdrawn,* 818 F.2d 692 (9th Cir. 1987), and *on reh'g,* 832 F.2d 1080 (9th Cir. 1987), *opinion amended and superseded,* 844 F.2d 602 (9th Cir. 1987) (en banc) (*Bryant II*), *vacated,* 886 F.2d 1526 (9th Cir. 1989) (*Bryant III*), the Ninth Circuit held that "the district court lacked jurisdiction over [the] action because of the presence of potentially non-diverse Doe defendants at the time of removal from state court." *Id.* at 451. *Bryant* involved a plaintiff, who was a California resident and sued the defendant, Ford Motor Co., a Delaware corporation with its principal place of business in Michigan, in state court, along with Does 1 through 50. 886 F.2d at 1532. Ford removed the case to the district court; however, the Ninth Circuit held that because the doe defendants were real but not yet identified people or entities, removal was premature as the district court could not yet determine whether they would defeat diversity jurisdiction. 794 F.2d at 453. Thus,

-8-

1   it remanded the case back to the district court with instructions to remand to the state court.

2   *Id.* at 453.  The defendant petitioned for a hearing en banc to clarify doe defendant law in

3   the Ninth Circuit.  *Bryant II*, 844 F.2d at 604.  The following year, in 1987, the Ninth

4   Circuit in *Bryant II*, held "that the presence of Doe defendants under California Doe

5   defendant law destroys diversity and, thus, precludes removal."  844 F.2d at 605.  As

6   discussed below, amendments to Section 1441 resulted in this holding being vacated.

### 2.   *Section 1441(b)*

7

8   The year after the court's ruling in *Bryant II*, "[i]n 1988, Congress passed the Judicial

9   Improvements and Access to Justice Act, which amended 28 U.S.C. § 1441 to address 'the

10  issue of Doe defendants for purposes of diversity jurisdiction and remand.'"  *Johnson v.*

11  *Starbucks Corp.*, 475 F. Supp. 3d 1080, 1083 (C.D. Cal. 2020).  This amendment added

12  the following provision to the removal statutes: "In determining whether a civil action is

13  removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship

14  of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).

15  Generally, when the text of a statute is clear, as it is in this case, a court need look

16  no further as "[t]he people are entitled to rely on the law as written without fearing that

17  courts might disregard its plain terms based on some extratextual consideration."  *Bostock*

18  *v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1749 (2020).  However, "even when, as here, a

19  statute's meaning can clearly be discerned from its text, consulting reliable legislative

20  history can still be useful, as it enables us to corroborate and fortify our understanding of

21  the text."  *Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 782 (2018) (Sotomayor, J.,

22  concurring) (writing separately to support the use of a Senate Report when interpreting a

23  statute).  "Committee reports . . . are a particularly reliable source to which we can look to

24  ensure our fidelity to Congress' intended meaning."  *Id.* (citing *Garcia v. United States,*

25  469 U.S. 70, 76 (1984).  In this case, not only does the text of Section 1441 indicate courts

26  should disregard doe defendants, but the legislative history corroborates the conclusion that

27  the Legislature enacted Section 1441 in direct response to the general rule in California

28  that doe defendants defeated diversity jurisdiction:

The other amendment to § 1441(a) permits the citizenship of fictitious defendants to be disregarded. This amendment addresses a problem that arises in a number of states that permit suits against "Doe" defendants. The primary purpose of naming fictitious defendants is to suspend the running of the statute of limitations. **The general rule has been that** *joinder of Doe defendants defeats diversity jurisdiction unless their citizenship can be established*, or unless they are nominal parties whose citizenship can be disregarded even if known. **This rule in turn creates special difficulties in defining the time for removal**. Removal becomes possible when the Doe defendants are identified or dropped, perhaps as late as the start of trial, or when it becomes clear that any claims against the Doe defendants arc fictitious or merely nominal. At best, the result may be disruptive removal after a case has progressed through several stages in the state court. At worse, the result may be great uncertainty as to the time when removal becomes possible, premature attempts to remove and litigation over removability, and forfeiture of the removal opportunity by delay after the point that in retrospect seems to have made clear the right to remove. **These problems can be avoided by the disregard of fictitious defendants for purposes of removal**. Experience in the district courts in California, where Doe defendants are routinely added to state court complaints, suggests that in many cases no effort will be made to substitute real defendants for the Doe defendants, or the newly identified defendants will not destroy diversity. If the plaintiff seeks to substitute a diversity-destroying defendant after removal, the court can act as appropriate under proposed § 1447(d) to deny joinder, or to permit joinder and remand to the state court.

S. Heg. 100-1050, *Judicial Branch Improvements Act of 1987, S. 1482: Hearing on H.R. 4807, PL 100-702 Before the Subcomm. on Cts. & Admin. Prac. of the Sen. Comm. on the Judiciary*, 100th Cong. 149-50 (1989) (emphasis added).

Plaintiff admits that "28 U.S.C. § 1441(b)(1) states that, when jurisdiction is based solely on diversity, 'the citizenship of defendants sue under fictitious names shall be disregarded.'" Mot. at 2:8-9. However, he argues that the Court must "consider the distinction between 'fictious' and real party Does and assess whether the 'plaintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action.'" *Id.* at 2:11-19 (citing *Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015); *Sandoval*

*v. Republic Servs., Inc.*, No. 18-cv-01224-ODW-KSx, 2018 WL 1989528, *3-4 (C. D. Cal. Apr. 24, 2018) ("[W]hen a plaintiff's allegations give a definite clue about the identity of the fictitious defendant . . . the court should consider the citizenship of the fictitious defendant."). Plaintiff contends that "[w]here the identity of the Doe defendants is ascertainable based on the allegations in the complaint, their citizenship should be considered for diversity purposes." *Id.* at 2:23-3:5 (citing *Barnes v. Costco Wholesale Corp.*, 2019 WL 6608735, at *2-3 (C.D. Cal. Dec. 4, 2019) (rejecting Costco's argument that Section 1441(b)(1) "requires the [c]ourt to disregard the Doe Employee's citizenship" as "overly simplistic" argument; finding citizenship of Doe Defendants is considered for diversity purposes where "Plaintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action")).

This Court finds that the legislatively history expressly rejects Plaintiff's arguments supporting remand. However, given the contested nature of legislative history, *see Bostock*, 140 S. Ct. at 1749, the Court analyzes the post-Judicial Improvements and Access to Justice Act case law cited by both parties interpreting Section 1441(b).

### 3.   *Post-Section 1441(b) Case Law*

Following the 1988 amendment to the removal statute, the *Bryant III* court noted that "Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction." 886 F.2d at 1528. Thus, it vacated its judgment in *Bryant II* and affirmed the district court's entry of summary judgment in the defendant's favor. *Id.* at 1534. It found the plaintiff's "argument . . . unavailing under the new amendment to section 1441(a), which provides that doe defendants 'shall be disregarded.'" *Id.* It also noted that given the Judicial Improvements Act was enacted contemporaneously with the Supreme Court's granting of a petition for writ of certiorari in *Bryant II*, "it [was] unlikely that Congress was ignorant of [the Ninth Circuit's] decision" when it enacted the Judicial Improvements Act. 886 F.2d at 1530. In other words, the Ninth Circuit believed the amendments to Section 1441 were, in part, a direct response to its *Bryant II* decision. *Id*

Since then, in *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002), the

Ninth Circuit has held that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Id.* (citing 28 U.S.C. §§ 1441(a), 1447(e) superseding *Bryant II*).[3]  Despite the seemingly clear language of Section 1441(b) as well as the Ninth Circuit's direction in *Soliman*, the four districts throughout the Ninth Circuit have applied it in an inconsistent nature.  *See, e.g.*, *Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCX), 2020 WL 1650750, at *4 (C.D. Cal. Apr. 3, 2020) ("The Court notes, however, that other courts have found that the question of whether Doe defendants may destroy diversity is a 'convoluted and unsettled' one.").

The Eastern District Court of California has concluded that the inclusion of doe defendants destroys diversity only if the plaintiff's "allegations concerning the Doe Defendants provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship, then the Court lacks diversity jurisdiction." *Robinson v. Lowe's Home Centers, LLC*, No. 1:15-cv-1321-LJO-SMS, 2015 WL 13236883, at *3 (E.D. Cal. Nov. 13, 2015).  In *Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, a case relied on by Plaintiff to support remand, the court denied the defendants' motion to dismiss for lack of jurisdiction and addressed the question of "whether a plaintiff's Doe pleading defeats original diversity jurisdiction as a matter of law." 147 F. Supp. 3d at 1032, 1036.  The *Gardiner* plaintiffs filed suit in federal court asserting diversity jurisdiction, and both parties agreed the amount-in-controversy requirement had been satisfied, and the plaintiffs, California corporation, were diverse from the defendant,

---

[3]     The *Soliman* plaintiff was "a citizen of California," and "[n]one of the named defendants [was] a citizen of that state, but the complaint list[ed] several 'Doe' defendants, whose 'capacities and relationship to other Defendants . . . [were] unknown' but who [were] . . . 'responsible for the acts complained of.'" 311 F.3d at 971.  "In his appellate brief, Soliman for the first time identifie[d] one of the mystery defendants—a company in Oakland, California" and stated he intended "to substitute this newly identified co-conspirator for one of the Does." *Id.*  However, because the plaintiff failed to seek leave to substitute in a named defendant before the district court entered judgment against him, his post-judgment attempt had no jurisdictional significance. *Id.*

a Colorado corporation.  *Id.* at 1030.  However, the defendants moved to dismiss the complaint for lack of subject matter jurisdiction by arguing that the presence of doe defendants destroyed complete diversity.  *Id.* at 1031.  They also argued that following *Lindley*, California's "Doe" statutes are substantive law, which district courts must apply under *Erie*, and as such, they must allow the use of Doe defendants as provided by Section 474.  *Id.* at 1032.

The *Gardiner* court noted that first, the authority relied on by the defendant to argue that the inclusion of doe defendants defeats diversity jurisdiction—namely, *Lindley*, pre-dated the amendments to Section 1441(b)(1), "which itself came on the heels of the Ninth Circuit's decision in *Bryant*."  147 F. Supp. 3d at 1032-33.  "Second, Congress did not amend § 1332, despite the pre-*Bryant* doctrine's similar deleterious effect on cases originally filed in federal courts sitting in diversity."  *Id.* at 1033.  Third, "in the wake of the amendment to § 1441, the Ninth Circuit vacated *Bryant II, see* 886 F.2d 1526, causing the doctrine to revert to the form it held after *Garter–Bare*, . . . making it 'near-impossible' for a court to determine 'when the allegations against Doe defendants are specific enough to defeat diversity.'"  *Id.* (citing *Bryant II*, 844 F.2d at 605).  "Consequently, courts were (and are) left to wrestle with three problems, how to: (1) reconcile *Garter-Bare* with *Lindley* and the *Erie* doctrine; (2) negotiate the 'near-impossible' labyrinth of exceptions to the Doe pleading rule; and, (3) resolve the effect of Doe pleading on those cases brought under § 1332, if at all differently from those brought under § 1441."  *Id.*  The court largely relied on the *Lindley* case to reason "[t]here is no getting around that the Ninth Circuit plainly held that California 'Doe' statutes are substantive law" or that a federal court sitting in diversity must apply state substantive law.  *Id.* at 1035 (citing *Lindley*, 780 F.2d at 799-801; *Erie R.R. Co.*, 304 U.S. at 78).  As a result, it held that the "[p]laintiffs' use of fictional defendants [was] consistent with California substantive law" and did not divest the court of diversity jurisdiction.  *Id.* at (citing Cal. Civ. Proc. Code § 474).  Although the court acknowledged various exceptions where including doe defendants could destroy diversity jurisdiction because the description of the doe defendants and their activities was "specific

-13-

enough to suggest their identity, citizenship, or relationship to the action," the plaintiffs' complaint in that case "gave no reasonable indication as to the Doe defendants' relationship to the action." *Id.* at 1035.  Thus, it found Does 1 through 50 to be wholly fictitious because "the charges against the Does [were] so general that no clues exist as to their identity, citizenship, or relationship to the action," so the court could "disregard [those] fictitious defendants for jurisdictional purposes." *Id.* at 1036.

Other than Plaintiff's reliance on the *Gardiner* case, the remainder of the authority relied on by Plaintiff comes from the Central District of California.  *See* Mot. at 2-5 (citing, *inter alia*, *Sandoval*, 2018 WL 1989528 at \*3-4; *Barnes*, 2019 WL 6608735 at \*2-3; *Johnson*, 475 F. Supp. 3d at 1081).  Plaintiff primarily relies on *Johnson* to support his arguments for remand.  *See* Mot. at 3-4.  In *Johnson*, 475 F. Supp. 3d at 1081, the Central District of California held that it lacked subject matter jurisdiction and remanded a case back to state court where a plaintiff and California resident sued Starbucks corporation, a Washington corporation; Jane Doe; John Doe; and Roes 1 through 10.  *Id.*  The *Johnson* plaintiff worked for Starbucks as a shift supervisor in West Hills, California, and as part of his job, often interacted with homeless patrons visiting the establishment.  *Id.*  He alleged that during his employment, a group of homeless individuals, including Jane and John Doe, called the plaintiff derogatory names during a shift, and as a result of their behavior, he felt unsafe at work and requested a transfer, which Starbucks denied.  *Id.* at 1081-82.  The plaintiff filed suit in the Los Angeles Superior Court against his former employer, Starbucks, asserting causes of action for, *inter alia*, harassment and discrimination.  *Id.* at 1082.  Starbucks removed the case to federal court based on diversity jurisdiction, but the plaintiff sought to remand.  *Id.*

In *Johnson*, all parties agreed that if the doe defendants were ignored, complete diversity existed.  475 F. Supp. 3d at 1083.  However, the plaintiff argued "that the Doe Defendants are real individuals whose liability and relationship to the suit is fully alleged." *Id.*  He elaborated that his "Doe Defendants are not wholly fictitious but real parties, California citizens whose 'real names and identities are unknown.'" *Id.*  The court noted

-14-

that the complaint included specific descriptions of the John and Jane Doe homeless patrons, such as their sex, what comments they made to the plaintiff, how they harassed the plaintiff, and their actions. *Id.* at 1083-84. "These allegations demonstrate[d] that both Doe Defendants are not merely fictitious defendants; rather they [were] real parties known to Johnson whose liability and relation to the suit is fully alleged in the FAC." *Id.* at 1084. Because the operative complaint alleged sufficient facts regarding the doe defendants to establish they were real parties with a relationship to the case rather than "wholly fictitious," the court concluded "their California citizenship should not be disregarded." *Id.* at 1084. As a result, it held that the doe defendant's citizenship destroyed complete diversity along with the court's jurisdiction and granted the motion to remand. *Id.*

In *Johnson*, just as in this case, the plaintiff filed suit in the superior court, the defendant removed the case, and the plaintiff sought to remand on the basis of doe defendants. 475 F. Supp. 3d at 1081-82. Thus, Plaintiff argues this case closely resembles *Johnson*, and as such, this Court should grant his Motion just as the *Johnson* court did. Mot. at 3-5. Defendant responds that "[t]he *Johnson* Court found that Doe Defendants were not merely fictious defendants, but rather real parties who were sufficiently described (i.e., Jane Doe, 'a female companion' and John Doe, a 'homeless man'), and therefore their California citizenship should not be disregarded." Oppo. at 3-4 (citing *Johnson*, 475 F. Supp. 3d. at 1084). Defendant also argues that *Johnson* should not apply because it involves a third-party doe defendant rather than an employee, "a critical distinction ignored by Plaintiff's [motion]." *Id.* at 3:7-9. Defendant argues that this case more closely resembles another case out of the Central District of California, which Plaintiff failed to raise: *Goldsmith*, 2020 WL 1650750 at *4-5. Oppo. at 4:8-10.

In *Goldsmith v. CVS Pharmacy, Inc.*, the Central District of California found that "the presence of Doe Defendants . . . [did] not defeat diversity jurisdiction" because "the clear language of 28 U.S.C. § 1441(b)(1) requires it to disregard the citizenship of the Doe Defendants at this stage." 2020 WL 1650750, at *4-5. The *Goldsmith* plaintiff alleged that he requested that a CVS pharmacy to fill a prescription for a controlled substance, but

-15-

1   Doe 1 refused to fill the prescription and confiscated the prescription document from
2   Plaintiff. *Id.* at *1. Plaintiff, a citizen of California, brought suit in the Los Angeles
3   Superior Court against Defendant CVS Pharmacy, Inc., a Rhode Island citizen, and Does
4   1 through 10. *Id.* The defendant removed the case, and the plaintiff moved to remand by
5   arguing that "the Doe defendants 'are credibly alleged to be employees of CVS in
6   California and therefore are almost certainly citizens of California." *Id.* However, the
7   court denied the plaintiff's motion to remand and retained jurisdiction over the case. *Id.* at
8   *5. The plaintiffs claimed, like Plaintiff here, that "'each fictional defendant,' and
9   particularly Doe 1, 'is a citizen of California and will destroy complete diversity once
10  identified and joined as parties.'" *Id.* at *4. The complaint also specifically alleged that
11  Doe 1 was a pharmacist employed by CVS at the Los Angeles pharmacy and described his
12  actions, including scrutinizing the plaintiff's prescription, examining his medical records,
13  contacting the prescriber, and confiscating the prescription. *Id.*

14       The *Goldsmith* court first noted "that every case Plaintiff cites for the proposition
15  that a complaint with Doe allegations is not removable pre-dates 1988, and thus does not
16  consider the fundamental change implemented by the Judicial Improvements and Access
17  to Justice Act." *Goldsmith*, 2020 WL 1650750, at *3, n.3. Next, it reasoned that under the
18  *Gardiner* standards, the plaintiff had provided (1) a "reasonable indication" of the doe
19  defendant's identity (the pharmacist), (2) the doe defendant's "relationship to the action"
20  (*i.e.*, undertaking the actions that caused the alleged harm by confiscating the prescription),
21  and (3) his "diversity-destroying citizenship" based on his alleged employment at the Los
22  Angeles CVS. *Id.* However, the court found that despite having met the *Gardiner*
23  standards, "the clear language of 28 U.S.C. § 1441(b)(1) requires it to disregard the
24  citizenship of the Doe Defendants at this stage." *Id.* at *4. Further, even if it had not
25  construed Section 1441(b)(1) to require it to disregard doe defendants, the pharmacist
26  and/or pharmacy employees who may have been involved in the alleged harms to Plaintiff
27  were "employees and/or agents of CVS acting within the course and scope of their agency,
28  and as such, their joinder [was] unnecessary." *Id.* at *4. However, "a plaintiff seeking to

1   hold an employer liable for torts caused by employees acting within the scope of their

2   employment is not required to name or join the employees as defendants." *Id.* at \*5.  Thus,

3   even though the plaintiff argued he did not include the doe defendant allegations in an

4   effort to destroy diversity, the court found their joinder was, nonetheless, unnecessary for

5   the plaintiff to secure relief.  *Id.* at \*4-5.

6        In the Northern District of California, only one case has taken a firm stance on the

7   issue while more recent cases have side-stepped the issue of whether the inclusion of doe

8   defendants destroys diversity jurisdiction.  In 2010, in *Hao v. Chen*, No. 10-CV-00826-

9   LHK, 2010 WL 3910165, at \*4-5 (N.D. Cal. Oct. 5, 2010), the court held that "the inclusion

10  of Doe defendants does not destroy diversity, and the Court is not divested of jurisdiction

11  on that ground."  However, the *Hao* court granted the defendant's motion to dismiss for

12  lack of subject matter jurisdiction because the plaintiff had failed to allege the defendant's

13  domicile or state citizenship and included unnamed Doe defendants in the complaint.  *Id.*

14  The court "agreed with courts in Hawaii and California that the more sensible approach is

15  to permit Doe defendants and to defer the jurisdictional question until actual parties are

16  substituted."  *Id.*  "[T]his approach is also consistent with the revisions to the removal

17  statute that occurred since *Grater-Bare Co.* and which provide that Doe defendants do not

18  destroy diversity in the removal context."  *Id.*

19       Almost ten years later, in *Chess v. CF Arcis IX LLC*, No. 20-CV-01625-CRB, 2020

20  WL 4207322, at \*3-4 (N.D. Cal. July 22, 2020), *appeal dismissed,* No. 20-16621, 2020

21  WL 6802843 (9th Cir. Sept. 21, 2020), the Northern District Court of California noted that

22  "[d]istrict courts within the Ninth Circuit have split on" the issue of "whether the existence

23  of Doe defendants, described with some specificity, defeats diversity in a case that has been

24  removed from state court."  *Id.* at \*2.  The court noted that under the *Goldsmith* approach,

25  "the analysis [was] straightforward."  *Id.* at \*3.  Because the doe defendants were unnamed,

26  the plain reading of Section 1441(b)(1) required the court to ignore the unnamed

27  defendants, so diversity jurisdiction remained in tact.  *Id.*  Under the *Gardiner* test, on the

28  other hand, the court must examine the specificity of the allegations pertaining to the doe

-17-

defendants. *Id.* at *3. However, the plaintiffs had "not even described the unnamed Doe defendants with sufficient specificity to determine their diversity-destroying relationship." *Id.* As a result, "[u]nder either test, the Doe defendants [did] not defeat diversity." *Id.* at *4. Similarly, in *Dedal v. Covenant Aviation Sec. LLC*, No. 19-CV-01842-JD, 2019 WL 2996389, at *1-2 (N.D. Cal. July 9, 2019), the court denied a motion to remand where the plaintiff did not contest that complete diversity existed among the parties or the amount in controversy had been met, but argued that the case should be remanded because the "Doe" defendants named in her complaint destroyed complete diversity. It noted that the primary legal support the plaintiff provided to the court to support her argument was out-of-circuit authority. *Id.* Thus, both *Chess* and *Dedal* "punted" the issue at hand and denied the motions to remand without directly siding with the Eastern District's test set forth in *Gardiner* or the Central District's decision in *Goldsmith*.

Courts in the Southern District have consistently held that courts should not consider doe defendants when ruling on a motion to remand. *See, e.g.*, *Mulalley v. Starbucks Corp.*, No. 21-CV-0032-GPC-DEB, 2021 WL 927362, at *3 (S.D. Cal. Mar. 10, 2021) (Curiel, J.) (granting a motion to remand where the plaintiff, a California citizen, sued the defendant, which was domiciled in Washington; an individual, who was a California citizen; and Does 1 through 10, while providing that "[f]ictitious 'Doe' defendants are ignored for determining diversity jurisdiction"); *accord Holt v. Noble House Hotels & Resort, Ltd.*, No. 17CV2246-MMA (BLM), 2018 WL 539176, at *3-4 (S.D. Cal. Jan. 23, 2018) (Anello, J.) (denying a motion to remand in a case where the plaintiff was a California citizen, and the defendant was a Texas corporation with its principal place of business in Washington state because "[t]he citizenship of unnamed class members and unidentified Doe defendants are disregarded"); *Zappia v. World Sav. Bank, F.S.B.*, No. 14CV2873-WQHDHB, 2015 WL 1808545, at *4 (S.D. Cal. Apr. 21, 2015) (Hayes, J.) (denying a motion to remand where the plaintiff, a citizen of California, sued the defendant, a citizen of South Dakota, and Doe Defendants 1 through 20 because "the citizenship of defendants sued under fictitious names shall be disregarded."); *Bernier v. Travelers Prop.*

*Cas. Ins. Co., Inc.*, No. 11-CV-78 JLS (RBB), 2012 WL 12540930, at *1, 4 (S.D. Cal. May 21, 2012), *aff'd,* 626 Fed. App'x 666 (9th Cir. 2015) (Sammartino, J.) (denying a motion to remand where the plaintiff, a California citizen, sued the defendant, a Connecticut corporation, and various doe defendants but had not actually moved to amend to specify or join any of the defendants; thus, the plaintiff had "not identified with specificity the name and citizenship of each party to be joined and the claims against each").

Plaintiff argues that Doe 1's liability is fully alleged in the complaint through his detailed allegations that Doe 1 was operating the ride on which Plaintiff was injured due to the manner in which Doe 1 fastened the metal lap bar. Mot. at 4:12-25. Plaintiff contends these allegations show that Doe 1 "is not wholly fictitious, but a real party and California citizen, employed at SeaWorld's San Diego location, presumably paying California income taxes." *Id.* at 4:22-26. He further asserts that "presumably, unlike in *Johnson*, DOE 1 is not a hard-to-identify homeless man; rather, he is an easily ascertainable SeaWorld employee who lives, works and resides in San Diego." *Id.* at 4:26-5:1. Defendant responds that as in *Goldsmith*, where the court held that because the plaintiff had alleged the doe defendant pharmacist had been acting within the course and scope of his employment, his joinder was unnecessary, this Court should come to the same conclusion. Oppo. at 5:10-15. Indeed, Plaintiff's complaint alleges that "DOES 1 through 25, were at all times relevant, acting within the course and scope of their employment with the Defendant." NOR at 11. However, this Court is bound by none of the cases cited by Plaintiff or Defendant as neither party primarily relies on binding Ninth Circuit authority or even authority from the Southern District.

This Court finds that not only is the plain language of Section 1441(b) clear in mandating that courts should disregard the citizenship of fictious defendants when evaluating whether diversity jurisdiction exists on a motion to remand, but the legislative history corroborates and confirms this conclusion. *See* S. Heg. 100-1050, *supra*, at 100th Cong. 149-50 (1989). Thus, this Court joins the other courts within this District in finding that the citizenship of doe defendants, regardless of the detail or specificity with which it

is alleged, must be disregarded when determining whether complete diversity exists on a motion to remand.  If Plaintiff wishes to amend the complaint to substitute in the true name of Doe 1, Plaintiff may seek leave to amend pursuant to FRCP 15.  At that point, the Court will evaluate whether Doe 1's joinder is mandatory or permissible under FRCP 19.

**B.   <u>Fraudulent Joinder</u>**

In his Motion, Plaintiff pre-emptively argues he has not fraudulently joined Doe 1 because he alleges Doe 1's direct causation for his injuries as well as Defendant's vicarious liability for those actions.  Mot. at 5:19-20.  Defendant responds that Doe 1 has been fraudulently joined because Plaintiff's arguments ignore "the application of the doctrine of *respondeat superior* that the losses caused by the torts of the employees that occur in the conduct of the employer's enterprise are placed upon the enterprise itself as a required cost of doing business."  Oppo. at 6:18-7:19 (citing *Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d 962, 967 (1986)).  Defendant contends that even "[a]ssuming, *arguendo*, that this Court decides to consider the identity, citizenship and potential liability of DOE 1, the outcome does not change."  *Id.* at 8:7-9.  Rather, "[t]he allegations of Plaintiff's complaint dictate the outcome" on this Motion, and because Plaintiff alleged that Doe 1 was an employee acting within the course and scope of his employment, Plaintiff cannot establish a claim against Doe 1.  *Id.* at 9:3-5 (citing NOR at 11).

Plaintiff's complaint alleges two claims for relief: The first claim is for negligence against "[t]he defendants who negligently owned, maintained, managed and operated the described premises," which Plaintiff lists as "Sea World Parks & Entertainment, Inc. and Does 1 to 25."  NOR at 10.  The second claim is for willful failure to warn, CAL. CIV. CODE § 846, against "[t]he defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were Sea World Parks & Entertainment, Inc. and Does 1 to 25."  *Id.*

Plaintiff alleges that with respect to Doe 1, he was an employee of Defendant and acting within the course and scope of his employment.  NOR at 11.  As to Defendant and Does 2 through 25, Plaintiff alleges that they (1) "are vicariously liable for all of Plaintiffs

injuries and harm . . . caused by the wrongful conduct of its employees and agents, including the conduct of DOE 1," (2) "had a duty to act in a reasonable manner and to properly investigate their employees and agents, and gauge their competence before hiring them,"  and (3) are "directly liable for its breaches of the duties it owed to Plaintiff arising from its duties to hire, retain, supervise and train its employees." *Id.*  As to Doe 1, Plaintiff alleges that he "was unfit or incompetent to perform the work for which they were hired." *Id.*  However, he also alleges that Defendant's "negligence in the hiring, supervising, retaining, and training of DOE 1 was a substantial factor in causing Plaintiff's harm." *Id.* In other words, Plaintiff's own complaint alleges that to the extent Doe 1 caused Plaintiff's harm, Defendant is to blame for hiring Doe 1 in the first place.

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).  The Ninth Circuit has established that fraudulent joinder arises where either (1) actual fraud exists in the pleading of jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the non-diverse party in state court. *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).  Under the second "path" to fraudulent joinder, a party may show fraudulent joinder by proving that "an 'individual[ ] joined in the action cannot be liable on any theory.'" *Id.* (alteration in original) (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).  However, a defendant is not fraudulently joined where "a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550; *see also Sessions v. Chrysler Corp.*, 517 F.2d 759, 760-61 (9th Cir. 1975) (discussing that the label of a claim is irrelevant "so long as [plaintiff] was entitled to relief against [non-diverse defendants] on any theory.").

Here, Plaintiff alleges that Doe 1 negligently "crushed and fractured" his left arm and wrist.  Mot. at 6:3-4.  He contends that it is hard to conceive of an argument there is "no possibility California law might impose liability" where it is alleged Doe 1 directly

caused the injury in question.  Mot. at 6:4-8.  Nonetheless, while the complaint alleges Doe 1's direct causation and negligence, it also alleges Defendant's vicarious liability for such negligence.  *Id.* at 8:8-11 (citing *See* Exhibit 1 to NOR at 5; *see also* CACI series 3700).

Defendant points out that "[t]he cases cited by Plaintiff involve non-employee Doe defendants or cases where the Defendants did not raise the issue of fraudulent joinder."  *Id.* at 8:9-10.  For example, Plaintiff relies on *Sandoval*, but in that case, fraudulent joinder was not argued by defendants, so the court declined to consider it.  *Sandoval*, 2018 WL 1989528 at *3-4, fn. 4.  Likewise, in *Barnes*, "the Court was only asked to decide the singular question of whether it could look at the Doe's citizenship when deciding remand."  2019 WL 6608735 at *2-3.  Further, in both *Gardiner* and *Johnson*, the doe defendants were not employees of the named defendant, and as a result, there were no employer defendants to assume vicarious liability for the actions of the defendants.  *Gardiner*, 147 F.Supp.3d at 1036; *Johnson*, 475 F. Supp. 3d. at 1084-1085. Moreover, in *Gardiner*, unlike in this case, the plaintiff alleged no details regarding their identities.  147 F.Supp.3d at 1036.  Similarly, in *Johnson*, the doe defendants "were not fraudulently joined because they ***could*** be found individually liable for intentional infliction of emotional distress." Oppo. at 4:1-3 (citing *Johnson*, 475 F. Supp. 3d. at 1084-1085) (emphasis added).  Rather, the *Johnson* doe defendants were not alleged to be agents, supervisors, or employees of Starbucks, whereas in this case, "DOE 1 is alleged to be an employee of SeaWorld sued for acts within the course of his/her employment."  *Id.* at 4:3-5 (citing ECF No. 1 at 11; Mot. at 5).  Thus, in this case, unlike in *Johnson*, Plaintiff's pleadings establish that the sole basis of the claim against Doe 1 is that he was negligent in performing duties within the scope of his employment.  Oppo. at 9:7-8.  Thus, Defendant will be vicariously liable for Doe 1's actions.

In *Goldsmith*, the plaintiff brought claims for negligence and conversion against the doe defendants along with a separate claim for vicarious liability alleging that at all relevant times, the doe defendants were acting within their scope of employment.   2020 WL 1650750 at *4-5.  Thus, the court found that even if the doe defendants were named, their

joinder was unnecessary "given the nature of Plaintiff's allegations" (*i.e.*, vicarious liability). *Id.* As a result, it held that that the presence of the doe defendants did not defeat diversity jurisdiction, and the defendant properly removed the case based on diversity jurisdiction. *Id.* Defendant argues that "as in *Goldsmith*, the joinder of DOE 1 is unnecessary because he/she was admittedly acting within the course and scope of their employment and as a result SeaWorld is vicariously liable for his/her actions." Oppo. at 5:20-25. Defendant contends that the Court should deny Plaintiff's Motion because "as in *Goldsmith*, Plaintiff includes DOE 1 for the sole purpose of defeating diversity jurisdiction." Oppo. at 9:11-13.

With respect to whether an employee, like Doe 1, may be held liable, California Labor Code § 2802 ("Section 2802") requires "[a]n employer [to] indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful." CAL. LAB. CODE § 2802(a). Consequently, Section 2802 "requires an employer to defend or indemnify an employee who is sued by third persons for conduct in the course and scope of his employment." *Davis v. Wal-Mart Stores Inc.*, No. 2:16-cv-9480-JFWAJWX, 2017 WL 499595, at *4-5 (C.D. Cal. Feb. 6, 2017). It "shows a legislative intent that duty related losses ultimately fall on the business enterprise, not on the individual employee." *Janken v. GM Hughes Electronics,* 46 Cal. App. 4th 55, 74, n.24 (1996). This conforms with California's "strong public policy that favors the indemnification (and defense) of employees by their employers for claims and liabilities resulting from the employees' acts within the course and scope of their employment." *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 952 (2008). However, despite all this, "[s]ection 2802 is not a doctrine of immunity." *Davis*, 2017 WL 499595, at *4-5. Whether actions are committed within the scope of employment under Section 2802 is akin to whether employer's may be held liable for an employee's actions under the doctrine of respondeat superior. *Exec. Sec. Mgmt., Inc. v. Dahl*, 830 F. Supp. 2d 870, 882 (C.D. Cal. 2011). Indeed, similar to Section 2802, "[u]nder the doctrine of *respondeat*

-23-

*superior*, an employer is vicariously liable for his employee's torts committed within the scope of the employment." *Calderon v. Lowe's Home Centers, LLC*, No. 2:15-cv-01140-ODW, 2015 WL 3889289, at *4 (C.D. Cal. June 24, 2015) (citing *Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d 962, 967 (1986)). "A plaintiff seeking to hold an employer liable for injuries caused by employees acting within the scope of their employment is not required to name or join the employees as defendants." *Perez v. City of Huntington Park*, 7 Cal. App. 4th 817, 820 (1992).

In *Calderon v. Lowe's Home Centers, LLC*, No. 2:15-CV-01140-ODW, 2015 WL 3889289, at *4 (C.D. Cal. Jun.e 24, 2015), the Central District of California denied the plaintiff's motion to remand by, *inter alia*, holding that "[b]ecause the Court finds that the inclusion of Defendant Kennard in the present case is not necessary to afford Plaintiff the ability to obtain complete relief, this factor weighs against permitting remand." The plaintiff, a California citizen, sued the defendant, Lowe's Home Centers, LLC, a North Carolina citizen, in the Superior Court for the County of Los Angeles for premises liability. *Id.* at *1. After the defendant removed the case to federal court, the plaintiff filed an amendment to the complaint substituting in an individual defendant, the manager of Lowe's, as a previously named Doe defendant and sought to remand the case, arguing the manager, a California citizen, destroyed complete diversity. *Id.* In addressing the issue of whether the addition of the manager destroyed diversity in light of Lowe's argument that the plaintiff improperly added the manager post-removal for the sole purpose of destroying complete diversity, the court rejected the plaintiff's argument that the manager was "necessary for a just adjudication" of the case. *Id.* at *2-4. It reasoned that even "[a]ssuming *arguendo*, that [the manager] could be found negligent in this case, it would be Lowe's, the deep-pocket employer, who will be ultimately responsible for any damages under the doctrine of *respondeat superior*." *Id.* It noted that for that reason, "juries are loath to saddle a lowly employee with a joint and several judgment." *Id.* "Given the relative financial positions of most companies versus their employees, the only time an employee is going to be sued is when it serves a tactical legal purpose, like defeating

-24-

diversity." *Id.*  Thus, the *Calederon* court found that the plaintiff's allegations against the manager (1) did "not indicate that he [was] necessary to or involved in Plaintiff's allegations against Defendant Lowe's," (2) "simply duplicate the allegations Plaintiff asserts against Defendant Lowe's," and (3) contained no allegations of actions by the manager outside the scope of his employment, or any basis for distinguishing him from Lowe's. *Id.*  Thus, the court found that the inclusion of the manager was not necessary to afford the plaintiff the ability to obtain complete relief. *Id.*

By contrast, in *Davis v. Wal-Mart Stores Inc.*, the court granted a motion to remand where, as in *Calderon*, the plaintiff, a California citizen, filed suit in the Los Angeles County Superior court, against a store, Wal-Mart Stores, Inc.; Huffy Corporation; and Ebony Storey, a Wal-Mart store manager and California resident.  No. 216CV9480JFWAJWX, 2017 WL 499595, at *2 (C.D. Cal. Feb. 6, 2017).  In granting the plaintiff's motion to remand, the court found that Section 2802 did not preclude a finding of liability against the manager. *Id.* at *4-5.  The court reasoned that "[w]hether Wal-Mart has a duty to defend and indemnify Defendant Storey has no bearing on whether she may or may not, under settled California law, be held liable for negligent hiring, supervision, retention, and training." *Id.* at *5.  As a result, it held that the defendants failed to meet their burden of showing that the plaintiff did not and could not state a claim for negligent hiring against the manager under settled California law. *Id.* at *5.

Defendant argues that "[t]he doctrine of *respondeat superior*, codified in California Labor Code § 2802, establishes that the employer, not the employee, is liable for the employee's acts within the course and scope of employment." Oppo. at 9:9-11.  Defendant contends that "[n]umerous state and federal decisions have affirmed that the employer, not the employee, is liable" for actions committed within the course and scope of employment. *Id.*. at 6:23-7:23 (citing *Edwards*, 44 Cal. 4th at 952; *Zogbi v. Federated Depart. Store*, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991) (holding that a cause of action could not be asserted against the defendant's employees under California law because the employees "could not be liable for any breach thereof since they were acting within the course and scope of their

duties on behalf of their employer"); *Calderon*, 2015 WL 3889289, at *4).   On the one hand, the Court agrees with the *Davis* court that whether Defendant, as Doe 1's employer, has a duty to defend and indemnify, has no bearing on whether or not Plaintiff may sue Doe 1 for negligence.   2017 WL 499595 at *4-5.   "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (citation omitted).   However, the Court also finds persuasive authority suggesting that the naming of an employee in such cases logically can only serve to destroy diversity.

For instance, Defendant relies on *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 823 (E.D. Va. 2005), where the Eastern District Court of Virginia denied the plaintiff's motion to remand, finding the plaintiff had fraudulently joined an employee-mechanic of the subject faulty equipment to defeat federal subject matter jurisdiction. *Id.* at 823.   The plaintiff, the executor of the estate of her decedent husband, and a resident of Virginia, sued four defendants for negligence and products liability in Norfolk, Virginia. *Id.* at 814-15.   The defendants included three out of state corporations involved in some fashion with the aerial lifts on which the decedent was injured, and one mechanic, who was an employee for the one of the corporate defendants and also a Virginia resident. *Id.* at 815.   First, the court concluded that there was no possibility of a successful claim against the mechanic because he could not have foreseen the accident that was to occur, and thus, did not have a duty to warn the decedent, Mr. Linnin, about the lift. *Id.* at 820.   Hence, it reasoned that there was no possibility the mechanic would be held liable under Virginia law. *Id.* at 822-23.   Second, the court concluded that if the mechanic could be found liable, the plaintiff had no intention of getting a joint judgment against both the mechanic and his employer: "Any experienced trial lawyer such as the plaintiff's attorney who actually desires a judgment against a target defendant would never seek a joint judgment against a target defendant and a lowly employee for fear that the judgment amount would be reduced or negated out of sympathy for the employee." *Id.* at 823-24 (internal citations and quotations

-26-

omitted).  Finally, the court noted that "[c]lever pleading, of course, is neither unethical nor illegal—it is, in fact, good lawyering"; however, "good lawyering should not defeat good judging, which requires a court to call things as it sees them."  *Id.* at 825.  Thus, the court held that the mechanic had been fraudulently joined, denied the plaintiff's motion to remand, and ordered that the mechanic be dismissed from the case.  *Id.* at 825, 827.

"An employee may act 'within the scope of employment' even if the given act is illegal and not in the employer's interests."  *O'Hara v. Teamsters Union Loc. No. 856*, 151 F.3d 1152, 1157 (9th Cir. 1998).  "[A] broad definition of 'within the scope of employment' ensures that third parties injured by an employee have a remedy against a party that is more likely to be able to pay a judgment—i.e., employers—under the theory of respondeat superior."  *Id.* at 1158.  Here, Doe 1 was acting within the course and scope of his employment at the time Plaintiff sustained his injuries, and Plaintiff's allegations confirm this.  *See* NOR at 11.  At this early stage in the lawsuit, the Court finds that Plaintiff lacks a true intent to obtain a judgment against Doe 1.  If, at a later date, Plaintiff believes it is appropriate to add Doe 1 as a named defendant, Plaintiff may seek the leave of this Court to do so under Rule 15 of the FRCP, as which point in time, the Court will evaluate the propriety of joinder, including under Rule 19 of the FRCP.

## C.  Doe 1 Is Not an Indispensable Party

Rule 19(a) of the FRCP covers mandatory joinder and requires joinder of a person subject to service of process, who if joined, would not deprive the court of subject-matter jurisdiction, when (1) "the court cannot accord complete relief among existing parties" if that person is not joined or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  "[T]he fact that a third party indemnifies one of the named parties to the case does not, as a general rule, influence the diversity analysis."  *Lewis v. Clarke*, 137 S. Ct. 1285, 1294 (2017).  Rather, "a party does not become

-27-

a required party for joinder purposes under Federal Rule of Civil Procedure 19 simply by virtue of indemnifying one of the named parties." *Id.* "Rule 21 gives courts the 'discretion to dismiss [a party] from the suit in order to perfect diversity jurisdiction, provided that she is not an indispensable party under Rule 19.'" *Bowles v. Constellation Brands, Inc.*, 444 F. Supp. 3d 1161, 1181, n.11 (E.D. Cal. 2020) (quoting *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1057 (9th Cir. 2016) (alteration in original); *see also* FED. R. CIV. P. 21 (providing that "[m]isjoinder of parties is not a ground for dismissing an action," and that a "court may at any time, on just terms, add or drop a party").

For example, in *Linnin*, the court also acknowledged the defendants' argument that the mechanic was a nominal party who should be dropped from the lawsuit because the mechanic's employer was the party responsible for any loss resulting from its employee's negligence. 372 F. Supp. 2d at 825. It reiterated that "a court may maintain diversity jurisdiction under Rule 21 as long as the parties are not indispensable under Rule 19." *Id.* at 826. Because "settled authorities have held that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability," the mechanic was a nominal party, which the court dismissed. *Id.* at 826.

In this case, if Doe 1 is a California resident, as Plaintiff alleges (despite the lack of any evidence of this), his addition to this lawsuit would destroy diversity, depriving the Court of subject-matter jurisdiction. However, Doe 1 is not necessary to afford complete relief. Plaintiff alleges that Doe 1's actions were taken within the course and scope of his employment, and he only alleges negligent behavior on Doe 1's part. Thus, Defendant, the deep pockets in this scenario, would be liable for any behavior for which Doe 1 may be responsible. As a result, not only is it improper for the Court to consider Doe 1's citizenship at this point, but it appears Plaintiff's only reason for raising Doe 1's citizenship may be to destroy diversity. Doe 1 is not an indispensable party.

### D.   Dismissal of Doe Defendants

The Supreme Court has held that "[w]hen a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided *Erie*

-28-

Choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions." *Hanna v. Plumer*, 380 U.S. 460, 471 (1965). *Lindley* held that California's doe defendant practice qualified as substantive law, and thus, applied in federal court in diversity jurisdiction cases under the *Erie* doctrine. *See* 780 F.2d at 800-01. However, *Lindley* preceded Congress' enactment of Section 1441(b) in 1988. *See, e.g.*, *Bryant II*, 844 F.2d at 616 (Kozinski, J., dissenting) ("The *Lindley* approach is foreclosed by the Supreme Court's decision in *Hanna v. Plumer,* 380 U.S. 460 (1965)," which held "that if there is a direct conflict between the Federal Rules and state law, the Federal Rule takes precedence unless, of course, the Federal Rule is invalid."). Judge Kozinski of the Ninth Circuit explained why *Lindley* seems unlikely to remain good law:

> [I]t is clear that California's Doe pleading practice is supplanted by the Federal Rules of Civil Procedure once the case is removed to federal court. *Lindley*'s contrary conclusion, 780 F.2d at 800-01, reached without the benefit of the Supreme Court's discussion in *Burlington,* is no longer plausible.
> . . . .
> The conflict between state and federal procedure in this case is clear. California's Doe pleading rule has two components. First, Cal. Civ. Proc. Code § 474 provides that a defendant may be designated by a fictitious name; the real name may be substituted whenever the true identity is discovered. Next, Cal. Civ. Proc. Code § 583.210 provides that a plaintiff has up to three years after filing to serve the summons and complaint on any defendant. California courts have interpreted this to extend the time available to replace Doe defendants with named parties. *Lesko v. Super. Crt.*, 127 Cal. App. 3d 476, 481-82 (1982). The analogous Federal Rules are Fed. R. Civ. P. 4(j), 15(c), 19, 20 and 21.
>
> Rule 4(j) provides that the defendant must be served within *120 days* of the filing of the complaint; absent good cause, failure to serve within this time renders the complaint subject to dismissal.

-29-

1

2

> This provision cannot be reconciled with Cal. Civ. Proc. Code §
> 583.210, which allows three years for service.
>
> . . . .
>
> Overruling *Lindley* would do much to resolve the confusion in
> this area of the law . . . If and when new parties are later
> discovered, they may be added in accordance with the Federal
> Rules of Civil Procedure.

3

4

5

6 *Bryant II*, 844 F.2d at 616 (Kozinski, J., dissenting).

7        Although courts appear confused as to whether *Lindley* remains good law, other

8 cases from the Ninth Circuit, which have not been overruled, have repeatedly held that

9 federal courts do not permit the use of doe defendants.  *See, e.g.*, *Molnar v. Nat'l Broad.*

10 *Co.*, 231 F.2d 684, 687-88 (9th Cir. 1956) (noting that the "attempt to join fictitious

11 defendants is said to be justified in California practice," but "no one of the Rules of Civil

12 Procedure under which federal courts operate gives warrant for the use of such a device");

13 *accord Tolefree v. Ritz*, 382 F.2d 566, 567 (9th Cir. 1967) (holding that the case "was also

14 properly dismissed as to the fictitious defendants," and "[i]f plaintiff later ascertains the

15 names of additional persons he wishes to join as defendants, the Federal Rules of Civil

16 Procedure provide a way of doing so"); *Craig v. United States*, 413 F.2d 854, 856 (9th Cir.

17 1969) (pointing out that "[t]he only purpose the naming of fictitious defendants could

18 possibly serve is to make it possible to substitute named defendants after the statute of

19 limitations has run," but FRCP 15(c) "provides the only way in which defendants, not

20 accurately named in a pleading before the limitation period has run, may be accurately

21 named afterwards" and "makes no mention of the pleading of fictitious parties"); *Lubin v.*

22 *Sybedon Corp.*, 688 F. Supp. 1425, 1456–57 (S.D. Cal. 1988) (Enright, J.) (striking the doe

23 defendants from the case after noting that "[t]he Ninth Circuit has repeatedly held that a

24 suit naming Doe defendants may not be maintained in federal court."); *Indian Hills*

25 *Holdings, LLC v. Frye*, No. 3:20-cv-00461-BEN-AHG, 2021 WL 1139419, at *9 (S.D.

26 Cal. Mar. 25, 2021) (Benitez, J.) (noting that "[u]nlike California code pleading," the FRCP

27 "neither authorize nor prohibit the use of fictitious parties; however, FRCP 10 does require

28

a plaintiff to include the names of all parties in his complaint.").

To the extent the issues of whether the use of doe defendants is (1) an issue of procedural or substantive law and (2) permitted in federal court in diversity jurisdiction cases, other courts have concluded that doe defendants are not permitted in federal court. *See, e.g.*, *Howell by Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 218 (7th Cir. 1997) (holding that "because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits" except where a John Doe is a nominal party, irrelevant to diversity jurisdiction, or where a case is removed to federal court and all parties other than the doe defendant are diverse); *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (per curiam) ("Absent permission by the district court to proceed anonymously, and under such other conditions as the court may impose (such as requiring disclosure of their true identity under seal), the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."); *accord United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1249 (10th Cir. 2017); *Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 963 (11th Cir. 2001); *Odell v. One W. Bank, NA*, No. CV 16-0984, 2016 WL 3551621, at *1 (E.D. Pa. June 30, 2016); *Controlled Env't Sys. v. Sun Process Co.*, 936 F. Supp. 520, 521-22 (N.D. Ill. 1996); *Brewer v. Villanova*, No. CIV. A. 90-7886, 1991 WL 274540, at *4–5 (E.D. Pa. Dec. 18, 1991).

Because the weight of authority indicates that the FRCP do not permit doe defendants, even in cases arising out of diversity jurisdiction, the Court dismisses Does 2 through 25 *without prejudice* because there are no allegations alleging their specific individual potentially liability. Even if the Court allowed the doe defendants to remain in the case, Plaintiff would still be required to seek leave of the Court to substitute in their true names by filing a motion for leave to amend pursuant to Rule 15 of the FRCP. With respect to Doe 1, against whom Plaintiff has made specific allegations, the Court orders that Plaintiff must seek to discover his identity and serve him in compliance with FRCP 4.

Upon discovering the true identity of Doe, Plaintiff must file and serve a motion for leave to amend the complaint to substitute in Doe 1's true name.  Upon doing so, the Court will further evaluate whether Doe 1's joinder is appropriate in this case under the provisions of FRCP 19 and 21.

**V.     CONCLUSION**

For the above reasons, the Court orders as follows:

1.     Plaintiff's Motion to Remand is **DENIED**.

2.     Does 2 through 25 are dismissed *without prejudice*.

3.     Plaintiff must seek leave to amend his complaint to substitute in Doe 1's true name and identity within sixty (60) days.  If Plaintiff fails to seek such leave to amend, the Court will dismiss Doe for failure to serve Doe 1 in compliance with Rule 4 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED:    May 10, 2021

_____

**HON. ROGER T. BENITEZ**
United States District Judge